## Jose De Jesus MARQUEZ–PEREZ, Petitioner,

v.

## IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 99–4041.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 3, 2001.

Filed Jan. 25, 2001.

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Jose De Jesus Marquez–Perez, a Mexican citizen with permanent-resident-alien status in this country, petitions for review of an order of the Board of Immigration Appeals, which dismissed his appeal from an Immigration Judge's determination that he was deportable for having committed an aggravated felony, i.e., possession with intent to distribute cocaine. Specifically, he argues that the Immigration and Nationality Act § 212(h), 8 U.S.C. § 1182(h), violates his right to equal protection by allowing nonpermanent residents convicted of aggravated felonies to apply for waiver relief and not allowing permanent residents the same opportunity.

Mr. Marquez–Perez is not entitled to consideration under section 1182(h) on account of his undisputed cocaine conviction. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II) (alien convicted of violation of controlled-substance law is inadmissible), (h) (Attorney General has discretion to waive application of, inter alia, § 1182(a)(2)(A)(i)(II) relating to "single offense of simple possession of 30 grams or less of marijuana"). Therefore, we will not consider his argument any further. *See Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979) (noting

no case or controversy exists when allegedly unconstitutional situation is "hypothetical or abstract"; plaintiff must show realistic danger of direct injury due to statute's operation or enforcement); *Missouri ex rel. Mo. Highway and Transp. Comm'n v. Cuffley,* 112 F.3d 1332, 1337 (8th Cir.1997) (court may not render opinion advising what law would be on hypothetical set of facts).

Accordingly, we dismiss the petition.